Robert F. Keehn, Esq. (115848)
rkeehn@rfk-law.com
Law Office of Robert F. Keehn
1875 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 551-6525 telephone
(310) 284-2654 facsimile

Attorney for Plaintiff
Michael J. Pravetz

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. PRAVETZ, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL RETIREMENT THRIFT INVESTMENT BOARD, <br><br> Defendant. | Case No. 5:18-cv-01081 <br><br> COMPLAINT FOR 1) THRIFT SAVINGS PLAN BENEFITS AND ENFORCEMENT OF RIGHTS OF THRIFT SAVINGS PLAN PARTICIPANT, AND 2) EQUITABLE RELIEF TO REDRESS VIOLATION OF FIDUCIARY DUTIES <br><br> [5 U.S.C. § 8477(e)(3)(b)(ii); 5 U.S.C. § 8477(e)(3)(C)(i)] |

Plaintiff MICHAEL J. PRAVETZ hereby complains against defendant FEDERAL RETIREMENT THRIFT INVESTMENT BOARD as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff (hereinafter "Pravetz" or "plaintiff") is an individual. At all relevant times, plaintiff was, and now is, a citizen of the United States of America. Plaintiff maintains a residence in Riverside County, California.

2. Defendant FEDERAL RETIREMENT THRIFT INVESTMENT BOARD (hereinafter "FRTIB" or "defendant") was at all relevant times, and now is, the administrative agency for the Thrift Savings Plan, a defined contribution plan for United States civil service employees and retirees. The Thrift Savings Plan is a "fiduciary" within the meaning of 5 U.S.C. § 8477(a)(3)(C) and (D). FRTIB also is a "fiduciary" within the meaning of 5 U.S.C. § 8477(a)(3)(C) and (D), and is an agent of the Thrift Savings Plan.

3. At all relevant times, Pravetz was a participant in the Thrift Savings Plan as the result of his work as a physician for the Veterans Administration at the Huntington VA Medical Center in West Virginia. As of January 2016, plaintiff's Thrift Savings Plan ("TSP") account had a balance of approximately $50,000.00.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and pursuant to 5 U.S.C. § 8477(e)(7)(A). Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred here. Alternatively, venue in this judicial district is proper under 5 U.S.C. § 8477(7)(B), in that the breach of fiduciary responsibility alleged in the complaint took place here.

# FIRST CLAIM FOR RELIEF

(Recovery of Benefits and Enforcement of Rights Under

5 U.S.C. § 8477(e)(3)(C)(i))

5. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 4, above.

6. On or about January 26, 2016, an unknown person or persons used a TSP form apparently faxed from an unknown location in South Africa to fraudulently withdraw the entire balance of plaintiff's TSP account and transfer it to an account that had recently been opened at a TD Bank branch in New York.

7. The TSP form used to perpetrate the fraudulent transfer reflected numerous indicia of fraud. Such indicia included, but were not limited to, the fact that the forged signature purporting to be that of Pravetz clearly was dissimilar to the samples of plaintiff's actual signature already on file with the TSP; the fact that the document was not in fact signed by a notary, as required; the fact that the signature of the purported "notary" (who, on the face of the document itself, was in fact a certified financial planner) was not dated on the same day as plaintiff's signature, and was in any event a forgery that readily could have been determined; and the fact that the daytime telephone number solicited by the form was not a telephone number used or maintained by Pravetz. In contrast, the TSP had exercised a much higher level of scrutiny regarding plaintiff's recent change of beneficiary on his TSP account, which was a much less significant transaction.

8. Notwithstanding the above, the TSP's Processing Unit (or other TSP agency, department or division) either performed no due diligence at all or performed a superficial and negligent due diligence which readily should have, but didn't, expose the fraudulent nature of the requested withdrawal and transfer. These acts or omissions constituted a breach of the TSP's fiduciary obligations to Pravetz.

9. Plaintiff first discovered the theft of his TSP account balance in March 2016, and promptly reported the relevant events and details to the TSP. In a letter to plaintiff dated May 26, 2016, however, the FRTIB's Office of Enterprise Risk Management concluded that its investigation into the transaction resulting in the loss of plaintiff's TSP account balance "did not identify any obvious warning sign of forgery or fraud nor did it identify an error by the TSP in the processing of this request." The Office of Enterprise Risk Management's investigation was at best superficial; plaintiff is informed and believes, for example, that the Office of Enterprise Risk Management did not even bother to contact the purported "notary" (who was not in fact a notary, and whose forged signature was used in the theft) to verify his status. Accordingly, defendant declined to restore plaintiff's account balance, or any portion of it. As a result of the foregoing, Pravetz has satisfied any requirement for the exhaustion of administrative remedies.

10. As a result of the acts and omissions described above, Pravetz has been damaged in the amount of his lost TSP account balance, in a precise amount to be proven.

11. As a result of the dispute and disagreement explained above, it has become necessary for Pravetz to retain an attorney to enforce his rights under 5 U.S.C. § 8477(e)(3)(C)(i). Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under 28 U.S.C. § 2412.

### SECOND CLAIM FOR RELIEF
(Other Appropriate Equitable Relief to Address Violation of Fiduciary Duties Under 5 U.S.C. § 8477(e)(3)(B)(ii))

12. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 10, above.

13. In addition to the loss of his TSP account balance, Pravetz has been further damaged, in an amount to be proven, as the result of having been taxed at a

higher rate on his Social Security payments due to the tax treatment of the subject theft.

14. As a result of the dispute and disagreement explained above, it has become necessary for Pravetz to retain an attorney to enforce his rights under 5 U.S.C. § 8477(e)(3)(B)(ii). Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under 28 U.S.C. § 2412.

WHEREFORE, plaintiff MICHAEL J. PRAVETZ prays for judgment against defendant FEDERAL RETIREMENT THRIFT INVESTMENT BOARD as follows:

1. For the recovery of plaintiff's lost benefits under the Thrift Savings Plan, and an enforcement of plaintiff's rights in that regard;

2. For other appropriate equitable relief, including but not limited to relief for the excess taxes Pravetz has been forced to incur as a result of the Thrift Savings Plan's act and omissions;

3. For reasonable attorney fees and costs of suit;

4. For prejudgment interest; and

5. For such other and further relief as the Court deems just and proper.

Dated: May 21, 2018                     LAW OFFICE OF ROBERT F. KEEHN


                                        By: _____/s/_____
                                              Robert F. Keehn, Esq.
                                              Attorney for Plaintiff
                                              Michael J. Pravetz